## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRAD CUMMINGS, as Personal Representative
of the ESTATE OF JIMMY CHRIS CUMMINGS, Deceased,
BRAD CUMMINGS, as Personal Representative
of the ESTATE OF LINDA JANE CUMMINGS, Deceased,
and GREGORY GREENHAW, as Personal Representative
of the ESTATE OF BETTY LOU GREENHAW, Deceased,

      Plaintiffs,                        Case No.:  1:23-cv-00893

v.

THE UNITED STATES OF AMERICA,

      Defendant.

_____/

## COMPLAINT

Plaintiffs, BRAD CUMMINGS, as Personal Representative of the ESTATE OF JIMMY CHRIS CUMMINGS, Deceased, BRAD CUMMINGS, as Personal Representative of the ESTATE OF LINDA JANE CUMMINGS, Deceased, and GREGORY GREENHAW, as Personal Representative of the ESTATE OF BETTY LOU GREENHAW, Deceased, (collectively referred to as "Plaintiffs") by and through the undersigned attorneys, Law Offices of David M. Houliston (David M. Houliston) and Clark, Fountain, La Vista, Littky-Rubin & Whitman (Mark W. Clark and Daniel D. Walker), hereby sue Defendant, THE UNITED STATES OF AMERICA ("Defendant"), and allege:

### PARTIES JURISDICTION AND VENUE

1.    This wrongful death action arises under the Federal Tort Claims Act, 28 U.S.C. Sections 2671 through 2680 as the underlying fire and flood were caused by the negligent acts and omissions of the U.S. Forest Service, a federal agency within the U.S. Department of Agriculture

and was caused by the negligent acts and omissions of U.S. Forest Service employees while acting within the scope of their employment or office. As such, this Court is vested with exclusive jurisdiction under 28 U.S.C. Section 1346(b).

2.     This is a wrongful death action against Defendant, THE UNITED STATES OF AMERICA, for money damages for injury, loss of property, personal injury and wrongful death caused by the negligent or wrongful acts or omissions of government employees of the U.S. Forest Service while acting within the scope of their office or employment, under circumstances where the Defendant, if a private person, would be liable to Plaintiffs in accordance with the law of the State of New Mexico, the place where the act or omission occurred.

3.     Plaintiffs exhausted their administrative remedies, per 28 U.S.C. § 2675(a), as Plaintiffs timely submitted their claims to the relevant federal agency and the agency failed to act on Plaintiffs' administrative claims within six months of presentment. Plaintiffs' claims are therefore ripe and justiciable.

4.     The discretionary function exception to the Federal Tort Claims Act does not apply because the conduct at issue violated federal statute, regulation, or policy and the U.S. Forest Service had no rightful option but to adhere to the directives.

5.     In addition, to the extent the U.S. Forest Service retained any discretion in its decision making in this case, that discretion was not made under or subject to policy analysis. Because it does not include policy analysis, the failure to warn in this instance, is not subject to the discretionary function exception to the Federal Tort Claims Act.

6.     Plaintiff, BRAD CUMMINGS, is the duly appointed Personal Representative under the Wrongful Death Act, NMSA § 41-2-1, *et. seq.,* in the proceeding on behalf of the

ESTATE OF JIMMY CHRIS CUMMINGS, Deceased. BRAD CUMMINGS is a resident of Lubbock, Texas.

7. Plaintiff, BRAD CUMMINGS, is the duly appointed Personal Representative under the Wrongful Death Act, NMSA § 41-2-1, *et. seq.,* in the proceeding on behalf of the ESTATE OF LINDA JANE CUMMINGS, Deceased. BRAD CUMMINGS is a resident of Lubbock, Texas.

8. Plaintiff, GREGORY GREENHAW, is the duly appointed Personal Representative under the Wrongful Death Act, NMSA § 41-2-1, *et. seq.,* in the proceeding on behalf of the ESATE OF BETTY LOU GREENHAW, Deceased. GREGORY GREENHAW is a resident of Lubbock, Texas.

9. Plaintiffs seek all damages recoverable under federal law, the Federal Tort Claims Act, 28 U.S.C. Sections 2671 through 2680 and the New Mexico Wrongful Death Act, NMSA § 41-2-1, *et seq.*

10. The events which gave rise to these causes of action occurred in New Mexico. Venue, therefore, is proper in the United States District Court for the District of New Mexico.

## RELEVANT FACTS

11. On April 6, 2022, the U.S. Forest Service started a prescribed burn in the Santa Fe National Forest Pecos-Las Vegas Ranger District in New Mexico.

12. The U.S. Forest Service was operating without adequate data and information regarding wind conditions, drought conditions, and fuel conditions and ignored the data that was available to them.

13.    Within hours, the U.S. Forest Service burn boss declared the prescribed burn a wildfire as they had lost control of the prescribed burn.

14.    The fire has since become known as the Hermit's Peak/Calf Canyon Wildfire (the "Fire") and is the largest wildfire in New Mexico history.

15.    The Fire caused by the negligence of the U.S. Forest Service has destroyed land, personal property and was the direct and proximate cause of the loss of life which gave rise to this case.

16.    The Fire caused by the U.S. Forest Service created a "burn scar" in the affected areas which resulted in the loss of vegetative cover and loss of soil integrity which caused life-threating flash floods.

17.    On July 21, 2022, a flash flood resulting from the Hermit's Peak/Calf Canyon Fire "burn scar," destroyed a cabin that was occupied by Betty Lou Greenhaw, Linda Jane Cummings, and Jimmy Chris Cummings ("Decedents").

18.    All three individuals were killed as a result of the flood ("Incident").

19.    On March 7, 2023, the U.S. Department of Agriculture, which administers claims against the U.S. Forest Service, confirmed receipt of Plaintiffs' signed SF-95 forms which placed them on notice of the claims for property damage and wrongful death which gave rise to this lawsuit.

20.    To date, neither the U.S. Department of Agriculture nor the Office of General Counsel have provided either a denial or settlement offer to Plaintiffs' claims.

21.    The agency's failure to provide a settlement offer or denial after six months of submission of the claims may be treated as a denial for the purposes of filing a lawsuit under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

22.    Defendant is liable in tort for injuries, including death, pursuant to 28 U.S.C. Sections 1346(b) and 2671 through 2680.

23.    Defendant is liable for the negligent acts and omissions of its agents and employees, including the U.S. Forest Service, a division of the U.S. Department of Agriculture.

24.    Defendant admitted fault and liability for the Hermit's Peak/Calf Canyon Fire and the injuries which occurred as a result.[1] See below excerpts[2] from the Hermit's Peak/Calf Canyon Fire Assistance Act:

> (8) the U.S. Forest Service has assumed responsibility for the Hermit's Peak/Calf Canyon Fire;

> (10) the United States should compensate the victims of the Hermit's Peak/Calf Canyon Fire.
> (b) PURPOSES.—The purposes of this Act are—
>     (1) to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire; and

25.    The Hermit's Peak/Calf Canyon Fire Assistance Act also explicitly allows for recovery against the United States for damages caused as a result of the Hermit's Peak/Calf Canyon Fire by filing a claim and bringing an action under the Federal Tort Claims Act. See below excerpt[3]:

---

[1] See Pub. L. No. 117-180, 136 Stat. 2168, Hermit's Peak/Calf Canyon Fire Assistance Act.
[2] Id. at Sec. 102 (a)(8), (a)(10), and (b)(1).
[3] Id. at Sec. 102 (d)(h)(1)(A)-(C).

> (1) IN GENERAL.—An injured person may elect to seek compensation from the United States for 1 or more injuries resulting from the Hermit's Peak/Calf Canyon Fire by—
> (A) submitting a claim under this Act;
> (B) filing a claim or bringing a civil action under chapter 171 of title 28, United States Code (commonly known as the "Federal Tort Claims Act"); or
> (C) bringing an authorized civil action under any other provision of law.

## COUNT I – BRAD CUMMINGS' CLAIM FOR RELIEF FOR NEGLIGENCE/WRONGFUL DEATH PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. SECTIONS 1346(b), 2671-2680 AGAINST THE UNITED STATES OF AMERICA

26. Paragraphs one (1) through twenty-five (25) are realleged and incorporated as if fully restated herein.

27. Defendant, through the U.S. Forest Service owed a duty to the public, including Plaintiffs, to use reasonable care and to follow mandated directives in the planning, monitoring and control of prescribed burns, and to use reasonable care in the response to prescribed burns which become wildfires, including those which were caused as result of Defendant's negligence.

28. Defendant owed a duty to the public following the Hermit's Peak/Calf Canyon Fire, and to provide adequate warnings of the dangers of life-threatening flash flooding as a result of the burn scar of the Fire.

29. The deaths of Jimmy Chris Cummings occurred as a direct and proximate result of the Hermit's Peak/Calf Canyon Fire which caused a burn scar and deadly flash floods.

30. Defendant, through the U.S. Forest Service and its agents and employees, was negligent in the following ways:

    a. Failing to follow mandated directives in the planning of prescribed burns.

b.  Failing to follow mandated directives in the lighting of prescribed burns.

c.  Failing to follow mandated directives in the management of prescribed burns.

d.  Negligently lighting a prescribed burn under conditions which Defendant knew or should have known would result in a wildfire.

e.  Negligently creating a wildfire by failing to follow mandated directives in the lighting of prescribed burns.

f.  Failing to follow specific standards mandated in the prescribed fire plan.

g.  Failing to conduct burn operations in accordance with the prescribed burn plan.

h.  Failing to follow mandated directives for response to prescribed burns that become wildfires.

i.  Failing to follow mandated directives in the management of prescribed burn created wildfires.

j.  Failing to follow mandated directives to put in place barriers or other protective systems following the damage to the land in the Hermit's Peak/Calf Canyon burn scar.

k.  Failing to close roads and prevent access to areas at risk of life-threatening flooding.

l.  Failing to warn Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

m.  Failing to provide adequate warnings to Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

n.  Failing to warn Decedents regarding the dangers of flash floods in the area where the Incident occurred.

o. Failing to provide adequate warnings to Decedents regarding the dangers of potential flash floods in the area.

p. Other negligence to be discovered.

31.    As a direct and proximate result of the negligence of the United States of America, through the acts and omission of the U.S. Forest Service agents and employees, Jimmy Chris Cummings suffered a violent, painful and gruesome death by drowning in a flash flood caused by the Hermit's Peak/Calf Canyon Fire.

WHEREFORE, Plaintiff, BRAD CUMMINGS, as Personal Representative of the ESTATE OF JIMMY CHRIS CUMMINGS, Deceased, prays for judgement against Defendant, THE UNITED STATES OF AMERICA, as follows:

1. That judgment be entered in favor of Plaintiff and against Defendant for all damages allowable under federal or New Mexico law, including the New Mexico Wrongful Death Act, NMSA § 41-2-1, *et. seq*;

2. That judgment be entered in favor of Plaintiff and against Defendant for compensatory damages for the pain, suffering and death of Jimmy Chris Cummings that resulted from the negligence of Defendant's employees and agents;

3. That judgment be entered in favor of Plaintiff and against Defendant for compensatory damages for funeral, burial and other costs pertaining to the death of Jimmy Chris Cummings;

4. That Plaintiff be awarded his costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or pursuant to any other applicable law/equity;

5. That such other relief be provided as this Court deems just and proper.

**COUNT II – BRAD CUMMINGS' CLAIM FOR RELIEF FOR
NEGLIGENCE/WRONGFUL DEATH PURSUANT TO
THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. SECTIONS 1346(b), 2671-2680
AGAINST THE UNITED STATES OF AMERICA**

32.     Paragraphs one (1) through twenty-five (25) are realleged and incorporated as if fully restated herein.

33.     Defendant, through the U.S. Forest Service, owed a duty to the public, including Plaintiffs, to use reasonable care and to follow mandated directives in the planning, monitoring, and control of prescribed burns, and to use reasonable care in the response to prescribed burns which become wildfires, including those which were caused as result of Defendant's negligence.

34.     Defendant owed a duty to the public following the Hermit's Peak/Calf Canyon Fire, and to provide adequate warnings of the dangers of life-threatening flash flooding as a result of the burn scar of the Fire.

35.     The death of Linda Jane Cummings occurred as a direct and proximate result of the Hermit's Peak/Calf Canyon Fire which caused a burn scar and deadly flash floods.

36.     Defendant, through the U.S. Forest Service and its agents and employees, was negligent in the following ways:

    a.  Failing to follow mandated directives in the planning of prescribed burns.

    b.  Failing to follow mandated directives in the lighting of prescribed burns.

    c.  Failing to follow mandated directives in the management of prescribed burns.

    d.  Negligently lighting a prescribed burn under conditions which Defendant knew or should have known would result in a wildfire.

    e.  Negligently creating a wildfire by failing to follow mandated directives in the lighting of prescribed burns.

f.  Failing to follow specific standards mandated in the prescribed fire plan.

g.  Failing to conduct burn operations in accordance with the prescribed burn plan.

h.  Failing to follow mandated directives for response to prescribed burns that become wildfires.

i.  Failing to follow mandated directives in the management of prescribed burn created wildfires.

j.  Failing to follow mandated directives to put in place barriers or other protective systems following the damage to the land in the Hermit's Peak/Calf Canyon burn scar.

k.  Failing to close roads and prevent access to areas at risk of life-threatening flooding.

l.  Failing to warn Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

m.  Failing to provide adequate warnings to Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

n.  Failing to warn Decedents regarding the dangers of flash floods in the area where the Incident occurred.

o.  Failing to provide adequate warnings to Decedents regarding the dangers of potential flash floods in the area.

p.  Other negligence to be discovered.

37.  As a direct and proximate result of the negligence of the United States of America, through the acts and omission of the U.S. Forest Service agents and employees, Linda Jane

Page 10

Cummings suffered a violent, painful, and gruesome death by drowning in a flash flood caused by the Hermit's Peak/Calf Canyon Fire.

WHEREFORE, Plaintiff, BRAD CUMMINGS, as Personal Representative of the ESTATE OF LINDA JANE CUMMINGS, Deceased, prays for judgement against Defendant, THE UNITED STATES OF AMERICA as follows:

1. That judgment be entered in favor of Plaintiff and against Defendant for all damages allowable under federal or New Mexico law, including the New Mexico Wrongful Death Act, NMSA § 41-2-1, *et. seq*;

2. That judgment be entered in favor of Plaintiff and against Defendant for compensatory damages for the pain, suffering and death of Linda Jane Cummings which resulted from the negligence of Defendant's employees and agents;

3. That judgement be entered in favor of Plaintiff and against Defendant for compensatory damages for funeral, burial and other costs pertaining to the death of Linda Jane Cummings;

4. That Plaintiff be awarded his costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or pursuant to any other applicable law/equity;

5. That such other relief be provided as this Court deems just and proper.

## COUNT III – GREGORY GREENHAW'S CLAIM FOR RELIEF FOR NEGLIGENCE/WRONGFUL DEATH PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. SECTIONS 1346(b), 2671-2680 AGAINST THE UNITED STATES OF AMERICA

38. Paragraphs one (1) through twenty-five (25) are realleged and incorporated as if fully restated herein.

39.     Defendant, through the U.S. Forest Service, owed a duty to the public, including Plaintiffs, to use reasonable care and to follow mandated directives in the planning, monitoring and control of prescribed burns, and to use reasonable care in the response to prescribed burns which become wildfires, including those which were caused as result of Defendant's negligence.

40.     Defendant owed a duty to the public following the Hermit's Peak/Calf Canyon Fire, and to provide adequate warnings of the dangers of life-threatening flash flooding as a result of the burn scar of the Fire.

41.     The death of Betty Lou Greenhaw occurred as a direct and proximate result of the Hermit's Peak/Calf Canyon Fire burn scar and deadly flash floods.

42.     The U.S. Forest Service, through its agents and employees, was negligent in the following ways:

   a.  Failing to follow mandated directives in the planning of prescribed burns.

   b.  Failing to follow mandated directives in the lighting of prescribed burns.

   c.  Failing to follow mandated directives in the management of prescribed burns.

   d.  Negligently lighting a prescribed burn under conditions which Defendant knew or should have known would result in a wildfire.

   e.  Negligently creating a wildfire by failing to follow mandated directives in the lighting of prescribed burns.

   f.  Failing to follow specific standards mandated in the prescribed fire plan.

   g.  Failing to conduct burn operations in accordance with the prescribed burn plan.

   h.  Failing to follow mandated directives for response to prescribed burns that become wildfires.

i. Failing to follow mandated directives in the management of prescribed burn created wildfires.

j. Failing to follow mandated directives to put in place barriers or other protective systems following the damage to the land in the Hermit's Peak/Calf Canyon burn scar.

k. Failing to close roads and prevent access to areas at risk of life-threatening flooding.

l. Failing to warn Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

m. Failing to provide adequate warnings to Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

n. Failing to warn Decedents regarding the dangers of flash floods in the area where the Incident occurred.

o. Failing to provide adequate warnings to Decedents regarding the dangers of potential flash floods in the area.

p. Other negligence to be discovered.

43. As a direct and proximate result of the negligence of the United States of America, through the acts and omission of the U.S. Forest Service employees, Betty Lou Greenhaw, suffered a violent, painful and gruesome death by drowning in a flash flood caused by the Hermit's Peak/Calf Canyon Fire.

WHEREFORE, Plaintiff, GREGORY GREENHAW, as Personal Representative of the ESTATE OF BETTY LOU GREENHAW, Deceased, prays for judgement against Defendant, THE UNITED STATES OF AMERICA as follows:

1. That judgment be entered in favor of Plaintiff and against Defendant for all damages allowable under federal or New Mexico law, including the New Mexico Wrongful Death Act, NMSA § 41-2-1, *et. seq*;

2. That judgment be entered in favor of Plaintiff and against Defendant for compensatory damages for the pain, suffering and death of Betty Lou Greenhaw that resulted from the negligence of Defendant's employees and agents;

3. That judgement be entered in favor of Plaintiff and against Defendant for compensatory damages for funeral, burial, and other costs pertaining to the death of Betty Lou Greenhaw;

4. That Plaintiff be awarded his costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or pursuant to any other applicable law/equity;

5. That such other relief be provided as this Court deems just and proper.

### COUNT IV – GREGORY GREENHAW'S CLAIM FOR RELIEF FOR PROPERTY DAMAGE PURSUANT TO THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. SECTIONS 1346(b), 2671-2680 AGAINST THE UNITED STATES OF AMERICA

44.     Paragraphs one (1) through twenty-five (25) are realleged and incorporated as if fully restated herein.

45.     Defendant, through the U.S. Forest Service, owed a duty to the public, including Plaintiffs, to use reasonable care and to follow mandated directives in the planning, monitoring and control of prescribed burns, and to use reasonable care in the response to prescribed burns which become wildfires, including those which were caused as result of Defendant's negligence.

46.     Defendant owed a duty to the public following the Hermit's Peak/Calf Canyon Fire, and to provide adequate warnings of the dangers of life-threatening flash flooding as a result of the burn scar of the Fire.

47.     Betty Lou Greenhaw, deceased, was the owner of the cabin which was destroyed as a direct and proximate result of the Hermit's Peak/Calf Canyon Fire which caused a burn scar and deadly flash floods.

48.     Defendant, through the U.S. Forest Service and its agents and employees, was negligent in the following ways:

a. Failing to follow mandated directives in the planning of prescribed burns.

b. Failing to follow mandated directives in the lighting of prescribed burns.

c. Failing to follow mandated directives in the management of prescribed burns.

d. Negligently lighting a prescribed burn under conditions which Defendant knew or should have known would result in a wildfire.

e. Negligently creating a wildfire by failing to follow mandated directives in the lighting of prescribed burns.

f. Failing to follow specific standards mandated in the prescribed fire plan.

g. Failing to conduct burn operations in accordance with the prescribed burn plan.

h. Failing to follow mandated directives for response to prescribed burns that become wildfires.

i. Failing to follow mandated directives in the management of prescribed burn created wildfires.

j.  Failing to follow mandated directives to put in place barriers or other protective systems following the damage to the land in the Hermit's Peak/Calf Canyon burn scar.

k.  Failing to warn Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire.

l.  Failing to provide adequate warnings to Decedents regarding the dangers caused by the Hermit's Peak/Calf Canyon Fire

m.  Failing to warn Decedents regarding the dangers of flash floods in the area where the Incident occurred.

n.  Failing to provide adequate warnings to Decedents regarding the dangers of potential flash floods in the area.

o.  Other negligence to be discovered.

49.    As a direct and proximate result of the negligence of the United States of America, through the acts and omission of the U.S. Forest Service agents and employees, Betty Greenhaw's cabin was destroyed in a flash flood caused by the Hermit's Peak/Calf Canyon Fire.

WHEREFORE, Plaintiff, GREGORY GREENHAW, as Personal Representative of the ESTATE OF BETTY LOU GREENHAW, Deceased, prays for judgement against Defendant, THE UNITED STATES OF AMERICA as follows:

1.  That judgment be entered in favor of Plaintiff and against Defendant for all damages allowable under federal or New Mexico law;

2.  That judgement be entered in favor of Plaintiff and against Defendant for property damage caused by the destruction of the subject cabin;

3.  That Plaintiff be awarded his costs and attorney's fees pursuant to the Equal Access to

    Justice Act, 28 U.S.C. § 2412, or pursuant to any other applicable law/equity;

4.  That such other relief be provided as this Court deems just and proper.

Dated:   October 11, 2023

                                        Respectfully submitted,

                                        LAW OFFICES OF DAVID M. HOULISTON

                                        /s/ David M. Houliston
                                        David M. Houliston, Esq.
                                        4801 Lang Avenue NE, Suite 205
                                        Albuquerque, NM 87109
                                        Phone: (505) 247-1223
                                        Fax:    (505) 214-5204
                                        david@houlistonlaw.com

                                        and

                                        /s/ Mark W. Clark
                                        Mark W. Clark, Esq.*
                                        Florida Bar No. 358339
                                        /s/ Daniel D. Walker
                                        Daniel D. Walker, Esq.*
                                        Florida Bar No. 1018257
                                        CLARK, FOUNTAIN, LA VISTA,
                                        LITTKY-RUBIN & WHITMAN LLP
                                        3601 PGA Blvd., Suite 300
                                        Palm Beach Gardens, Florida 33410
                                        Phone: (561) 899-2100
                                        Fax:    (561) 832-3580
                                        Email: mclark@clarkfountain.com
                                               dwalker@clarkfountain.com
                                               lharper@clarkfountain.com
                                        *Attorneys for Plaintiffs*

                                        *Applications for Admission Pro Hac Vice
                                        Pursuant to Local Rule 83.3 are being prepared.*

## REQUEST FOR ADVISORY JURY

Acknowledging that they are not entitled to a jury trial under the claims alleged herein, Plaintiffs respectfully moves the Court to impanel an advisory jury in the exercise of its discretion under Rule 39(c) of the Federal Rules of Civil Procedure.

Dated:   October 11, 2023

/s/ David M. Houliston
David M. Houliston, Esq.
LAW OFFICES OF DAVID M. HOULISTON
4801 Lang Avenue NE, Suite 205
Albuquerque, NM 87109
Phone: (505) 247-1223
Fax:     (505) 214-5204
david@houlistonlaw.com

and

Mark W. Clark
Mark W. Clark, Esq.*
Florida Bar No. 358339
Daniel D. Walker
Daniel D. Walker, Esq.*
Florida Bar No. 1018257
CLARK, FOUNTAIN, LA VISTA,
LITTKY-RUBIN & WHITMAN LLP
3601 PGA Blvd., Suite 300
Palm Beach Gardens, Florida 33410
PH: (561) 899-2100
Fax: (561) 832-3580
Email: mclark@clarkfountain.com
            dwalker@clarkfountain.com
            lharper@clarkfountain.com
Attorneys for Plaintiffs

*Applications for Admission Pro Hac Vice
Pursuant to Local Rule 83.3 are being prepared.